IN THE COURT OF COMMON PLEAS OF JACKSON COUNTY, OHIO

DAKOTA G. FISCHER
12331 State Route 139
Jackson, Ohio 45640,

    Plaintiff,

vs.

REMINGTON ARMS COMPANY, LLC
aka REMINGTON ARMS
c/o CT CORPORATION SYSTEM
Statutory Agent
28 Liberty Street
New York, New York 10005,

REMINGTON OUTDOOR CO., INC.,
c/o CT CORPORATION SYSTEM
Statutory Agent
28 Liberty Street
New York, New York 10005,

THE MARLIN FIREARMS CO.
c/o CT CORPORATION SYSTEM
Statutory Agent
67 Burnside Avenue
East Hartford, Connecticut 06108-3408,

HORNADY MANUFACUTRING CO.
c/o STEPHEN D. HORNADY
Statutory Agent
State Spur 430
P.O. Box 1848
Grand Island, NE 68803,

    and

Case No. 19PT0004

JURY DEMAND ENDORSED HEREON

FILED
Common Pleas Court
Jackson, OH

MAR 1 3 2019

SETH I. MICHAEL, CLERK
_____ DEPUTY



EXHIBIT A

| | |
|---|---|
| **ABC COMPANIES #1 through #5** | : |
| **Names Unknown** | : |
| **Addresses Unknown,** | : |
| | : |
| **Defendants.** | : |

## COMPLAINT

### PARTIES AND JURISDICTION

1.  Plaintiff Dakota G. Fischer is an Ohio citizen residing within the county of Jackson, state of Ohio.

2.  Defendant Remington Arms Company, LLC, aka Remington Arms, is a corporation organized under the laws of the state of Delaware with its principal place of business located at 870 Remington Drive, Madison, North Carolina.

3.  Defendant Remington Outdoor Company, Inc., is a corporation organized under the laws of the state of Delaware with its principal place of business located at 870 Remington Drive, Madison, North Carolina.

4.  Defendant The Marlin Firearms Company, is a corporation organized under the laws of the state of Connecticut with its principal place of business located at 100 Kenna Drive, North Haven, Connecticut.

5.  Defendant Remington Arms Company, LLC, aka Remington Arms, Defendant Remington Outdoor Company, Inc., and Defendant The Marlin Firearms Company (hereinafter collectively referred to as "Remington", unless otherwise indicated) are manufacturers, distributors, and/or sellers of consumer products, including firearms and ammuntion.

6.  At all times relevant hereto, Defendant Remington Arms Company, LLC, aka Remington Arms and/or Defendant Remington Outdoor Company, Inc., manufactured and distributed firearms as the parent corporation of Defendant The Marlin Firearms Company.

7. Defendant Hornady Manufacturing Company Inc. (hereinafter "Hornady"), is a corporation organized under the laws of the state of Nebraska with its principal place of business located at 3625 West Old Potash Highway, Grand Island, Nebraska.

8. Hornady is a manufacturer, distributor, and seller of consumer products, including ammunition.

9. Defendants ABC Company #1, ABC Company #2, ABC Company #3, ABC Company #4, and/or ABC Company #5 (collectively "ABCs"), whose names and addresses could not be discovered, are manufactureres, distributors, and/or sellers of other consumer products, including firearms and/or ammunition.

10. Remington's, Hornady's, and/or ABCs' firearms and/or ammunition are regularly distributed and sold throughout Ohio.

11. The incident which gave rise to the claims alleged herein occurred within Jackson County, Ohio.

12. Jurisdiction is conferred upon this court pursuant to O.R.C. 2307.382

## GENERAL ALLEGATIONS

13. On March 26, 2017, Plaintiff was injured by the sudden explosion of a Marlin 45/70 lever action rifle manufactured, distributed, and/or sold by Remington and/or ABCs.

14. Plaintiff was injured by the rifle while attempting to fire it on his grandfather's property located at 11842 State Route 139, Jackson, Jackson County, Ohio.

15. When the rifle exploded it was loaded with Hornady LEVERevolution .45-70 Government 325 grain FTX ammunition manufactured, distributed, and/or sold by Hornady and/or ABCs.

16. The rifle exploded as a direct and proximate result of defect(s) to the rifle and/or ammunition.

3

17. As a direct and proximate result of the explosion, Plaintiff suffered injuries to his left hand, wrist, and other parts of his body, some of which may be permanent, causing pain, suffering, and other intangible and/or non-economic loss.

18. As a direct and proximate result of his injuries from the explosion, Plaintiff has incurred economic loss for reasonable expenses for necessary medical treatment and services and will continue to incur further such expenses into the indefinite future.

19. As a direct and proximate result of his injuries from the explosion, Plaintiff has incurred economic loss in the form of lost income and/or wages.

20. As a direct and proximate result of his injuries from the explosion, Plaintiff has suffered past and will suffer future economic loss of the value of services which she has been and will be unable to perform.

21. As a direct and proximate result of his injuries from the explosion, Plaintiff has suffered and will suffer past and future non-economic loss.

**FIRST CAUSE OF ACTION** – **Statutory Product Liability Claim against Remington and/or ABCs for Defect in Manufacture and/or Construction Pursuant to O.R.C. 2307.74**

22. Plaintiff repeats and incorporates by reference herein each of the previous paragraphs.

23. The rifle at issue was in an unreasonably dangerous condition because it was defective in manufacture and/or construction at the time of manufacture, distribution, and/or sale by Remington and/or ABCs and was unable to withstand ordinary and foreseeable conditions of its use.

24. The explosion occurred because the rifle at issue failed to conform to the physical and performance specifications of Remington.

25. The defect in manufacture and/or construction of the rifle, and/or the conduct of Remington and/or ABCs, was the direct and proximate cause of Plaintiff's injuries.

26. Remington and/or ABCs are strictly liable for Plaintiff's damages pursuant to ORC

4

2307.74.

**SECOND CAUSE OF ACTION – Statutory Liability Claim against Remington and/or ABCs for Defect in Design and/or Formulation Pursuant to O.R.C. 2307.75**

27. Plaintiff repeats and incorporates by reference herein each of the previous paragraphs.

28. The rifle at issue was in an unreasonably dangerous condition because it was defective in design and/or formulation at the time of manufacture, distribution, and/or sale by Remington and/or ABCs and was unable to withstand ordinary and foreseeable conditions of its use.

29. The risks associated with the design and/or formulation of the rifle at issue exceeded the benefits associated with said rifle's design and/or formulation.

30. The defect in the rifle related to design and/or formulation, and/or the conduct of Remington and/or ABCs, was the direct and proximate cause of Plaintiff's injures.

31. Remington and/or ABCs are strictly liable for Plaintiff's damages pursuant to ORC 2307.75.

**THIRD CAUSE OF ACTION – Statutory Product Liability Claim against Remington and/or ABCs due Inadequate Warning or Instructions Pursuant to O.R.C. 2307.76**

32. Plaintiff repeats and incorporates by reference herein each of the previous paragraphs.

33. At the time of the rifle's manufacture, distribution, and/or sale, Remington and/or ABCs failed to provide the warning or instruction that a manufacturer exercising reasonable case would have provided concerning risks associated with firearm usage.

34. The warnings, labels, and instructions provided with the rifle at issue did not provide sufficient instructions to allow a user or consumer to avoid, prevent, or timely detect the defect(s) and related malfunction(s).

35. These inadequacies included failure to provide clear and explicit operating instructions and/or failure to adequately warn consumers of the potential dangers associated with firearm

5

failures.

36. The inadequate warnings, labels, and instructions, and/or conduct of Remington and/or ABCs outlined herein, were the direct and proximate cause of Plaintiff's injuries.

37. Remington and/or ABCs are strictly liable for Plaintiff's damages pursuant to ORC 2307.76.

**FOURTH CAUSE OF ACTION – Statutory Product Liability Claim against Remington and/or ABCs for Making Representations to which the Product did not Conform Pursuant to O.R.C. 2307.77**

38. Plaintiff repeats and incorporates by reference herein each of the previous paragraphs.

39. At the time of the rifle's manufacture, distribution, and/or sale, Remington and/or ABCs made representations with respect to the rifle at issue to which it did not conform.

40. These misrepresentations, and/or the conduct of Remington and/or ABCs outlined herein, were the direct and proximate cause of Plaintiff's injuries.

41. Remington and/or ABCs are strictly liable for Plaintiff's damages pursuant to ORC 2370.77.

**FIFTH CAUSE OF ACTION – Breach of Implied Warranty of Merchantability against Remington and/or ABCs Pursuant to O.R.C. 1302.27**

42. Plaintiff repeats and incorporates by reference herein each of the previous paragraphs.

43. Plaintiff was a purchaser of a rifle that was manufactured, designed, distributed, and/or sold by Remington and/or ABCs.

44. Remington and/or ABCs impliedly warranted to the Plaintiff that the rifle was merchantable for the ordinary purpose for which such goods are used.

45. The rifle was not free of defects at the time of manufacture, distribution, and/or sale by Remington and/or ABCs, was not fit for use, and did not conform to the implied warranties.

46. This breach of the implied warranty of merchantability was the direct and proximate cause

of Plaintiff's injuries.

47. Remington and/or ABCs are statutorily liable to Plaintiff for Plaintiff's damages pursuant to ORC 1302.27.

**SIXTH CAUSE OF ACTION** – **Breach of Implied Warranty of Fitness for a Particular Purpose against Remington and/or ABCs Pursuant to O.R.C. 1302.28**

48. Plaintiff repeats and incorporates by reference herein each of the previous paragraphs.

49. Plaintiff was a purchaser of a rifle that was manufactured, designed, distributed, and/or sold by Remington and/or ABCs.

50. Remington and/or ABCs impliedly warranted to the Plaintiff that the rifle was free of defects at the time of manufacture, distribution, and sale by Remington and/or ABCs.

51. Plaintiff relied on the skill and judgment of Remington and/or ABCs in using the rifle for a particular purpose.

52. The rifle was not free of defects at the time of manufacture, distribution, and/or sale by Remington and/or ABCs, was not fit for use, and did not conform to the implied warranty of fitness for a particular purpose.

53. This breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries.

54. Remington and/or ABCs are statutorily liable to Plaintiff for Plaintiff's damages pursuant to ORC 1302.28.

**SEVENTH CAUSE OF ACTION** – **Statutory Product Liability Claim against Hornady and/or ABCs for Defect in Manufacture and/or Construction Pursuant to O.R.C. 2307.74**

55. Plaintiff repeats and incorporates by reference herein each of the previous paragraphs.

56. The ammunition at issue was in an unreasonably dangerous condition because it was defective in manufacture and/or construction at the time of manufacture, distribution, and/or sale

7

by Hornady and/or ABCs and would likely cause harm during the ordinary and foreseeable uses for which it was intended.

57. The explosion occurred because the ammunition at issue failed to conform to the physical and performance specifications of Hornady.

58. The defect in manufacture and/or construction of the ammunition, and/or the conduct of Hornady and/or ABCs, was the direct and proximate cause of Plaintiffs injuries.

59. Hornady and/or ABCs are strictly liable for Plaintiff's damages pursuant to ORC 2307.74.

**EIGHTH CAUSE OF ACTION** – **Statutory Liability Claim against Hornady and/or ABCs for Defect in Design and/or Formulation Pursuant to O.R.C. 2307.75**

60. Plaintiff repeats and incorporates by reference herein each of the previous paragraphs.

61. The ammunition at issue was in an unreasonably dangerous condition because it was defective in design and/or formulation at the time of manufacture, distribution, and/or sale by Hornady and/or ABCs and would likely cause harm during ordinary and foreseeable conditions of use.

62. The risks associated with the design and/or formulation of the ammunition at issue exceeded the benefits associated with said ammunition's design and/or formulation.

63. The defect in the ammunition related to design and/or formulation, and/or the conduct of Hornady and/or ABCs, was the direct and proximate cause of Plaintiff's injuries.

64. Hornady and/or ABCs are strictly liable for Plaintiff's damages pursuant to ORC 2307.75.

**NINTH CAUSE OF ACTION** – **Statutory Product Liability Claim against Hornady and/or ABCs due to Inadequate Warning or Instructions Pursuant to O.R.C. 2307.76**

65. Plaintiff repeats and incorporates by reference herein each of the previous paragraphs.

66. At the time of the ammunition's manufacture, distribution, and/or sale, Hornady and/or ABCs failed to provide the warning or instruction that a manufacturer exercising reasonable care

8

would have provided concerning risks associated with ammunition usage.

67. The warnings, labels, and instructions provided with the ammunition at issue did not provide sufficient instructions to allow a user or consumer to avoid, prevent, or timely detect the defect(s) and related malfunction(s).

68. These inadequacies included failure to provide clear and explicit operating instructions and/or failure to adequately warn consumers of the potential dangers associated with ammunition failures.

69. The inadequate warnings, labels, and instructions, and/or the conduct of Hornady and/or ABCs outlined herein, were the direct and proximate cause of Plaintiff's injuries.

70. Hornady and/or ABCs are strictly liable for Plaintiff's damages pursuant to ORC 2307.76.

**TENTH CAUSE OF ACTION – Statutory Product Liability Claim against Hornady and/or ABCs for Making Representations to which the Product did not Conform Pursuant to O.R.C. 2307.77**

71. Plaintiff repeats and incorporates by reference herein each of the previous paragraphs.

72. At the time of the ammunition's manufacture, distribution, and/or sale, Hornady and/or ABCs' made representations with respect to the ammunition at issue to which it did not conform.

73. The misrepresentations, and/or the conduct of Hornady and/or ABCs outlined herein, were the direct and proximate cause of Plaintiff's injuries.

74. Hornady and/or ABCs are strictly liable for Plaintiff's damages pursuant to ORC 2307.77.

**ELEVENTH CAUSE OF ACTION – Breach of Implied Warranty of Merchantability against Hornady and/or ABCs Pursuant to O.R.C. 1302.27**

75. Plaintiff repeats and incorporates by reference herein each of the previous paragraphs.

76. Plaintiff was a purchaser of ammunition that was manufactured, designed, distributed, and/or sold by Hornady and/or ABCs.

77. Hornady and/or ABCs impliedly warranted to the Plaintiff that the ammunition was

9

merchantable for the ordinary purpose for which such goods are used.

78. The ammunition was not free of defects at the time of manufacture, distribution, and/or sale by Hornady and/or ABCs, was not fit for use, and did not conform to the implied warranties.

79. This breach of the implied warranty of merchantability was the direct and proximate cause of Plaintiff's injuries.

80. Hornady and/or ABCs are statutorily liable to Plaintiff for Plaintiff's damages pursuant to O.R.C 1302.27.

**TWELFTH CAUSE OF ACTION** – **Breach of Implied Warranty of Fitness for a Particular Purpose against Hornady and/or ABCs Pursuant to O.R.C. 1302.28**

81. Plaintiff repeats and incorporates by reference herein each of the previous paragraphs.

82. Plaintiff was a purchaser of ammunition that was manufactured, designed, distributed, and/or sold by Hornady and/or ABCs.

83. Hornady and/or ABCs impliedly warranted to the Plaintiff that the ammunition was free of defects at the time of manufacture, distribution, and sale by Hornady and/or ABCs.

84. Plaintiff relied on the skill and judgment of Hornady and/or ABCs in using the ammunition for a particular purpose.

85. The ammunition was not free of defects at the time of manufacture, distribution, and/or sale by Hornady and/or ABCs, was not fit for use, and did not conform to the implied warranty of fitness for a particular purpose.

86. This breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries.

87. Hornady and/or ABCs are statutorily liable to Plaintiff for Plaintiff's damages pursuant to O.R.C 1302.28.

10

WHEREFORE, the Plaintiff demands judgment against Defendants, jointly and severally, in an amount greater than $25,000, plus interest, costs, attorney fees, and other such relief as the Court deems reasonable and appropriate.

Respectfully submitted,

BRIAN G. MILLER CO., L.P.A.

By: _____
Brian G. Miller (0063241)
Adam L. Slone (0093440)
250 West Old Wilson Bridge Road, Suite 270
Worthington, Ohio 43085
Telephone:   (614) 221-4035
Facsimile:   (614) 987-7841
Email:       bgm@bgmillerlaw.com
             als@bgmillerlaw.com
Trial Attorneys for Plaintiff

## JURY DEMAND

Now comes Plaintiff, by and through counsel, and demands a jury of eight (8) persons to hear the within cause.

_____
Brian G. Miller (0063241)
Trial Attorney for Plaintiff

cc:   Dakota G. Fischer