UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAKOTA FISCHER, | CIVIL ACTION NO. 2:19-cv-01342 |
| Plaintiff, | |
| vs. | |
| REMINGTON ARMS COMPANY, LLC, REMINGTON OUTDOOR CO., INC., THE MARLIN FIREARMS CO., HORNADY MANUFACTURING CO., and ABC COMPANIES #1 through #5, | Judge Edmund Sargus |
| Defendants. | |

**MOTION TO RETAIN JURISDICTION AND NOTICE OF INTENT TO FILE SANCTIONS MOTION**

COMES NOW, Hornady Manufacturing Company and files this Motion and provides Notice to the Court of Hornady's intention to pursue sanctions against Plaintiff Dakota Fischer as well as two non-party witnesses, Joshua Gee and George Shope.  In support hereof, Hornady shows as follows:

1.  Before the filing of this action, and during the pendency of this court proceeding, Plaintiff and witnesses asserted, including under oath, that ammunition manufactured by Hornady was present at the April 26, 2017 incident which is the subject of this litigation, and that Hornady manufactured ammunition was in the firearm at the time of the firearm incident.

2.  At his deposition on February 26, 2020, George Shope, the grandfather of Dakota Fischer and the owner of the firearm and the ammunition involved, admitted and confirmed that ammunition manufactured by Hornady was not involved in the incident, no ammunition manufactured by Hornady was

1

even present at the scene on the day of the incident, and that in fact he purchased the Hornady manufactured ammunition after the date of the incident and promoted it throughout the claim and litigation process as the ammunition alleged to be involved in the March 26, 2017 incident. Mr. Shope admitted in testimony that no ammunition manufactured by Hornady was involved with regard to the March 26, 2017 gun incident in any way, shape, or form.

3. Following George Shope's testimony, Hornady Manufacturing was dismissed from this case on that same day, February 26, 2020.

4. Hornady is not able to cite to the record to prepare a Rule 11 record until receipt of the deposition transcripts which is scheduled for on or about March 17, 2020. Last Friday, March 6, 2020, Hornady served a preliminary demand letter to Plaintiff Dakota Fischer (via his attorney Brian Miller), to witness Joshua Gee, and to witness George Shope. A copy of that preliminary demand letter is attached hereto.

5. Throughout the litigation, Dakota Fischer promulgated false statements of fact asserting that ammunition manufactured by Hornady was involved in the incident. This occurred in demands and correspondence and other communications before the filing of the litigation. This occurred in the complaint that initiated the lawsuit, and in plaintiff's answers to written discovery requests and including in sworn interrogatory answers. Dakota Fischer also testified falsely at his deposition on February 25, 2020, claiming in his sworn testimony that Hornady manufactured ammunition was involved in the incident. These representations by Dakota Fischer were false.

6. Joshua Gee is a friend of Dakota Fischer and was present at the March 26, 2017 incident. He testified falsely on February 25, 2020, that Hornady manufactured ammunition was involved in the incident. He testified falsely that he reviewed each head stamp of each round of ammunition and confirmed that it was manufactured by Hornady. He also testified falsely that each and every round fired from the gun the day of the incident was a round manufactured by Hornady Manufacturing and was signature "red tip" Hornady ammunition. No ammunition fired on March 26, 2017 was manufactured by Hornady, none had Hornady head stamps, and none was "red tipped".

7. On February 26, 2020, George Shope who is the owner of the gun involved and who provided the gun and ammunition involved on March 26, 2017, eventually testified unequivocally that no ammunition present the day of the incident was manufactured by Hornady, and that none of the ammunition fired that day was Hornady "red tip" ammunition. George Shope admitted that prior statements throughout the claim and litigation process that Hornady ammunition was involved, were false.

8. Hornady understands that Plaintiff will soon be dismissing Defendant Remington from this litigation as well.

9. This Court has the inherent authority to sanction Plaintiff Dakota Fischer, and its jurisdiction to do so is "ever present," even after voluntary dismissal of plaintiff's claims against Hornady. Red Carpet Studios Div. of Source Advan. v. Sater, 465 F.3d 642, 644–45 (6th Cir. 2006).

10. This Court also has the inherent authority to sanction witnesses who provided false information throughout the proceedings and including under sworn testimony. <u>Am. Trust v. Sabino</u>, 2000 U.S. App. LEXIS 25404, at *1 (6th Cir. Sept. 28, 2000) (stating that being a non-party does not insulate an individual from sanctions for abuse of the litigation process).

11. In the Sixth Circuit, a court need not find the conduct sanctionable under any rule or statute to apply its inherent powers to impose sanctions. <u>First Bank of Marietta v. Hartford Underwriters Ins.</u> Co., 307 F.3d 501, 512 (6th Cir. 2002).

12. The Sixth Circuit does not condone lying in a judicial proceeding and has repeatedly imposed sanctions on individuals who have lied.

> [L]ying cannot be condoned in any formal proceeding. Our legal system is dependent on the willingness of the litigants to allow an honest and true airing of the real facts. As our colleague, Judge Gettleman has stressed: "parties who wish to use the judicial system to settle disputes have certain obligations and responsibilities. One of those responsibilities is, to tell the truth in a deposition. This Court, too, has a responsibility: where we find deliberate falsehoods told in proceedings, we cannot allow such conduct to go unchecked. Turning a blind eye to false testimony erodes the public's confidence in the outcome of judicial decisions, calls into question the legitimacy of courts and threatens the entire judicial system."

Further, the Seventh Circuit has held that a plaintiff "abuse[s] the judicial process by seeking relief based on information that the plaintiff knows is false." As the Seventh Circuit explained:

> [F]alsifying evidence to secure a court victory undermines the most basic foundations of our judicial system. If successful, the effort produces an unjust result. Even if it is not successful, the effort imposes

4

> unjust burdens on the opposing party, the judiciary, and honest litigants who count on the courts to decide their cases promptly and fairly.

Ndoye v. Major Performance LLC, No. 1:15-cv-380, 2017 WL 822110, at *11 (S.D. Ohio Mar. 1, 2017) (citations omitted) (first passage quoting Quela v. Payco-Gen. Am. Creditas, Inc., No. 99-cv-1904, 2000 WL 656681, at *7 (N.S. Ill. May 18, 2000); second and third passages quoting Secrease v. W. & S. Life Ins. Co., 800 F.3d 397, 401–02 (7th Cir. 2015)) (using court's inherent authority to impose sanctions that included dismissing the case and the payment of attorney's fees)(internal citations omitted).

13. Furthermore, Hornady's dismissal from the case does not bar it from seeking sanctions under Rule 11. United States ex rel. Tingley v. PNC Fin. Servs. Grp., 705 F. App'x 342 (6th Cir. 2017) (after voluntarily dismissing a suit the court imposed sanctions on Tingley for filing the litigation in bad faith, including paying the defendant's attorney's fees and costs); see also Powell v. Squire, Sanders & Dempsey, 182 F.3d 918 (Table), at *2 (6th Cir. 1999) (affirming award of Rule 11 sanctions on motion filed 14 days after dismissal of action); Barker v. Bank One, Lexington, N.A., 156 F.3d 1228 (Table), at *1 (6th Cir. 1998) (same where motion served 28 days after entry of final judgment and filed 21 days later).

14. Rule 11 procedures require preparation of the Motion for Sanctions, and service of the Motion (without filing) upon the party to be sanctioned, with 21 days' notice before filing the Motion with the court. The deposition transcripts from the depositions on February 25 and 26, 2020, will be available from the

5

court reporter on or about March 17, 2020. Hornady's counsel believes that it will need until not later than Friday, March 20, 2020, to complete the Rule 11 Motion with citations to the deposition record in order to serve it on upon Plaintiff, Dakota Fischer, as well as non-parties Joshua Gee and George Shope.

15. If the sanctions matter is not resolved on or before April 10, 2020 (21 days after March 20) then Hornady intends to file a Motion for Sanctions with the Court.

16. Assuming that the Plaintiff goes forward with the dismissal of Remington Arms, Hornady seeks to give the Court notice that it intends to seek the Court's exercise of its inherent authority in a Motion for Sanctions by no later than April 10, 2020.

17. Further, in order to meet the exigencies of complying with Rule 11's requirements on such short notice, Hornady asks that the Court keep this matter open until April 13, 2020, so that Hornady may serve its notice of a Rule 11 motion on Plaintiff, Joshua Gee, and George Shope, and file said motion before final disposition of this case.

WHEREFORE, Hornady Manufacturing Company prays that the Court retain jurisdiction through and including the time necessary for the service of a proposed Motion for Sanctions, and that the Court hold this case open until April 13, 2020, so that Hornady Manufacturing Company may have the opportunity to file such Motion in the event it is not resolved with the Plaintiff, with Mr. Gee and/or with Mr. Shope on or before such time.

DATED this 11th day of March, 2020.

HORNADY MANUFACTURING CO., Defendant

By:   /s/ Kevin J. Schneider
      Kevin J. Schneider, # 18898
      CLINE WILLIAMS WRIGHT
        JOHNSON & OLDFATHER, L.L.P.
      1900 U.S. Bank Building
      233 South 13th Street
      Lincoln, Nebraska 68608-2095
      (402) 474-6900
      kschneider@clinewilliams.com

*Admitted Pro Hac Vice*

James E. Arnold (0037712)
Damion M. Clifford (077777)
Arnold & Clifford LLP
115 W. Main Street, 4th Floor
Columbus, Ohio 43215
dclifford@arnlaw.com

*Counsel for Defendant Hornady*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which by its operation will send notification of such filing to all registered parties.

Brian G. Miller
Adam L. Slone
Brian G. Miller Co., LPA
250 West Old Wilson Bridge Road, Suite 270
Worthington, Ohio 43085
bgm@bgmillerlaw.com
als@bgmillerlaw.com
*Attorneys for Plaintiff*

Robert V. Kish
Remington Co., LPA
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215
rkish@reminger.com
*Attorney for Defendants Remington Arms Company, LLC and Remington Outdoor Co., Inc.*

Steven E. Danekas
Swanson Martin & Bell, LLP
Suite 3300
330 North Wabash
Chicago, IL 60611
sdanekas@smbtrials.com
*Attorney for Defendants Remington Arms Company, LLC and Remington Outdoor Co., Inc.*

                        By:    /s/ Kevin J. Schneider
                                 Kevin J. Schneider

4833-5972-5239, v. 1

SCOTT D. KELLY
MARK A. CHRISTENSEN
RICHARD P. GARDEN, JR.
SHAWN D. RENNER
JOHN C. MILES
THOMAS C. HUSTON
DON R. JANSSEN
SUSAN K. SAPP
KEVIN J. SCHNEIDER
GARY R. BATENHORST
JILL GOSSIN JENSEN
ROCHELLE A. MULLEN
TRENTEN P. BAUSCH
MICHAEL C. PALLESEN
RICHARD P. JEFFRIES
TRACY A. OLDEMEYER
PAMELA EPP OLSEN
TRENT R. SIDDERS
ANDRE R. BARRY
DAVID J. ROUTH
JASON R. YUNGTUM
MEGAN S. WRIGHT
THERESA D. KOLLER
AUSTIN L. MCKILLIP
KEITH T. PETERS
ANDREW R. WILLIS
TARA A. STINGLEY
SEAN D. WHITE
MICHELLE L. SITORIUS
MICHAEL J. WHALEY
RUSSELL J. SPRAGUE †
RENEE A. EVELAND
HENRY L. WIEDRICH

DANIEL W. OLDENBURG
ADAM W. BARNEY
GREGORY S. FRAYSER
JENNIE A. KUEHNER
TRAVIS W. TETTENBORN
BEAU B. BUMP
HEATHER A. CARVER
SHANNON E. FALLON
JODY N. DUVALL
KATIE A. JOSEPH
LILY AMARE
JOHN F. ZIMMER, V
MICHAEL L. SHOLES
NATHAN D. CLARK
ALISON K. JANECEK
TAMARA L. KELLEY †
SYDNEY M. HUSS
BRITTNEY M. HOLLEY
AMANDA C. CARTER
PAUL D. HENDERSON
MARY R. MARCUM

STEPHEN E. GEHRING
L. BRUCE WRIGHT
ROBERT J. ROUTH
DAVID R. BUNTAIN
TERRY R. WITTLER
RICHARD A. SPELLMAN
DAVID O. COLVER †
KIMBRA L. KILLIN †
DONALD F. BURT (INACTIVE)
STEPHEN H. NELSEN (INACTIVE)

†ATTORNEYS ADMITTED IN COLORADO ONLY

# CLINE WILLIAMS
# WRIGHT JOHNSON & OLDFATHER, L.L.P.
ATTORNEYS AT LAW
ESTABLISHED 1857

233 SOUTH 13TH STREET
1900 U.S. BANK BUILDING
LINCOLN, NEBRASKA 68508-2095
(402) 474-6900 • FAX (402) 474-5393
www.clinewilliams.com

March 6, 2020

George Shope
11840 St. Rt. 139
Jackson, OH 45640

VIA FEDEX

Dakota Fischer
c/o Brian Miller
Brian G. Miller Co., LPA
250 West Old Wilson Bridge Road, Suite 270
Worthington, Ohio 43085

VIA U.S. MAIL & EMAIL:
bgm@bgmillerlaw.com

Joshua Gee
7141 Mount Tabor Rd
Chillicothe, OH 45601-8558

VIA FEDEX

  RE: Sanctions Demand – Repayment of Hornady Manufacturing Company's Attorney's Fees, Costs, and Expenses
     Case 2:19-cv-01342

Dear Sirs:

  The above-referenced action as it relates to Hornady Manufacturing Company was initiated and prosecuted against Hornady on the fraudulent premise that ammunition manufactured by Hornady was involved at the time of the March 26, 2017 incident. That allegation was false, and known to be false.

  The allegations in the initial demand letters and in the Complaint related to Hornady ammunition were false. Statements made throughout the litigation about the number of rounds fired through the gun in total, and the use of Hornady ammunition, were false. Related allegations in Dakota Fischer's sworn interrogatory answers were false. Statements made to expert witnesses about the involvement of Hornady ammunition and the number of rounds fired through the gun were false and knowingly false when made. These are only a few examples of false allegations.

12910 PIERCE STREET
SUITE 200
OMAHA, NE 68144-1105
(402) 397-1700

1207 M STREET
P.O. BOX 510
AURORA, NE 68818
(402) 694-6314

416 VALLEY VIEW DRIVE
SUITE 304
SCOTTSBLUFF, NE 69361
(308) 635-1020

215 MATHEWS STREET
SUITE 300
FORT COLLINS, CO 80524
(970) 221-2637

216 SOUTH INTEROCEAN AVENUE
HOLYOKE, CO 80734
(970) 854-2264

March 6, 2020
Page 2

      Last week Dakota Fischer made false statements under oath. These include but are not limited to sworn allegations that Hornady ammunition was fired the day of the incident, the number of total rounds fired, and specific allegations that the ammunition fired on the date of the incident were "red tip" Hornady ammunition.

      Joshua Gee falsely swore under oath in his deposition that he examined every round he put into the gun and confirmed that the head stamp was Hornady. He also gave false testimony that each round fired from the gun contained "red tip" Hornady ammunition.

      George Shope knew each and every day from March 26, 2017, that the allegations that Hornady manufactured ammunition was involved were false. He, along with Dakota Fischer, and assisted by Joshua Gee last week, prosecuted the entirety of this action as it related to Hornady fraudulently and in bad faith.

      Further, George Shope destroyed evidence by failing to maintain the spent cartridge cases from the date of the incident, including the fragments from the case involved which Joshua Gee testified were recovered and placed inside George Shope's carport, and further destroyed evidence by cleaning the gun. These activities were at a minimum negligent.

      I believe it is probable that the false statements throughout this matter violate a number of U.S. Federal Statutes, perhaps including 18 U.S.C. §§ 1001, 1621, 1622 and 1623. I believe that there are multiple civil causes of action possibly available to Hornady Manufacturing Company including civil conspiracy to commit fraud. I do not intend in this letter to examine all of the causes of action available to Hornady, as we can do so in detail, at a later date, if necessary, and if we are unable to resolve the demands set forth in this letter by agreement within the next seven days.

      We have confirmed that the Southern District of Ohio, where this matter is pending, has jurisdiction as to sanctions claims, and retains such jurisdiction even if Remington is dismissed form the case. This jurisdiction would have the ability to impose a sanctions judgment against each Dakota Fischer, George Shope, and Joshua Gee, related to the all of the false statements in prosecution of this action. The available sanctions include a judgment for the full repayment to Hornady of its attorney's fees, costs, and expenses. We are preparing to complete, serve, and ultimately file such a sanctions motion if this matter is not satisfactorily resolved by March 13, 2020.

      To that end, Hornady has expended substantial time and expense defending against this matter. Dakota Fischer and George Shope are well aware that this

March 6, 2020
Page 3

matter has involved two separate instances where the gun and ammunition were inspected in Columbus, Ohio by expert witnesses for all parties (these occurring on August 15, 2018, and December 19, 2019). This matter also necessitated last week's depositions. At this point, the total of Hornady's attorney's fees, costs, and expenses for this matter exceed $100,000.

Hornady hereby makes demand for the sum of $100,000 total from Dakota Fischer, George Shope, and Joshua Gee.

We have a general, but perhaps not perfect, understanding of some of the assets and financial circumstances of each of you. We have also reviewed Ohio's limited exemptions from judgment execution as to certain items and dollar amounts of personal property. We have also reviewed garnishment procedures and limits. It would be our preference to enter a settlement agreement with each of you with a substantial payment now, and we can consider having additional amounts paid over time.

Again, if we are not able to resolve this matter satisfactorily by March 13, 2020, Hornady intends to complete, serve and eventually to file a motion for sanctions which will include requesting a judgment for the full amount of its attorney's fees, costs, and expenses, including those amounts in excess of $100,000. If we need to file and prosecute such motion, it will also include the costs, expenses and attorney's fees involved in prosecuting the motion for sanctions itself.

I am available this next week if any of you, or all of you, would like to try to resolve your individual liabilities related to this.

Very truly yours,

Kevin J. Schneider
For the Firm

cc: Hornady Manufacturing Company
(c/o Stephen Hornady, President)

4819-4754-1174, v. 1