UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DAKOTA FISCHER,**

        **Plaintiff,**

   v.

**REMINGTON ARMS COMPANY, LLC,** *et al.***,**

        **Defendants.**

Case No. 2:19-cv-1342
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth Preston Deavers

## OPINION AND ORDER

The matter before the Court is Defendant Hornady Manufacturing Company's ("Defendant Hornady") Motion to Retain Jurisdiction and Notice of Intent to File Sanctions Motion (ECF No. 33). Plaintiff and Defendant Hornady have filed a stipulated dismissal pursuant to Federal Rule of Civil procedure 41(a)(1)(ii). (ECF No. 32.) Defendant Hornady requests that this Court retain jurisdiction because it plans to file a motion for sanctions against Plaintiff and two non-parties after the deposition transcripts become available. (*Id.*) Defendant Hornady also requests the Court keep the matter open until April 13, 2020, so that such motion can be filed. (*Id.*)

Additionally, Plaintiff and Defendant Remington Arms Company, LLC ("Defendant Remington") have also stipulated to dismissal pursuant to Rule 41(a)(1)(ii). (ECF No. 34.) The stipulated dismissal indicates Defendant Remington also requests the Court retain jurisdiction because it plans to file a motion for sanctions against a non-party. (*Id.* ¶ 4.)

"The Supreme Court has consistently held that federal courts retain jurisdiction over issues—such as sanctions—that are collateral to the merits." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 645 (6th Cir 2006). The Sixth Circuit has stated that sanctions under Rule 11, 28 U.S.C. § 1927, and pursuant to the court's inherent authority, are all

matters collateral to the merits, to which a court's authority is "ever present." *Id.* Additionally, the Sixth Circuit has rejected the argument that retaining jurisdiction over collateral matters abrogates a stipulated dismissal with prejudice of "all claims." *Id.* The Sixth Circuit held that "[t]he language 'all claims' clearly refers to causes of action and not to collateral issues." *Id.*

Here, both stipulated dismissals are of all claims and with prejudice. (*See* ECF Nos. 32, 34.) Thus, the Court retains jurisdiction over collateral matters, such as motions for sanctions, without the need for a motion from either party. Accordingly, Defendant Hornady's motion is unnecessary. Additionally, while Defendant Hornady asks the Court to keep the case open in order to file a motion for sanctions, the case need not be kept open for such a motion to be filed. Defendant Hornady's motion (ECF No. 33) is **DENIED as moot**. The Clerk is **DIRECTED** to close this case.

    **IT IS SO ORDERED.**

**4/13/2020**                          **s/Edmund A. Sargus, Jr.**
**DATE**                                **EDMUND A. SARGUS, JR.**
                                           **UNITED STATES DISTRICT JUDGE**