IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DAKOTA FISCHER,**

    **Plaintiff,**

    vs.

**REMINGTON ARMS CO., LLC,** *et al.***,**

    **Defendants.**

Case No. 2:19-cv-1342

Chief Judge Edmund A. Sargus, Jr.

Chief Magistrate Judge Elizabeth P. Deavers

## ORDER

Defendant Hornady Manufacturing Co. ("Hornady") has filed a Motion for Leave to File Under Seal. (ECF No. 38.) Hornady seeks to file under seal a Settlement Agreement entered into between Hornady and Plaintiff Dakota Fischer. (*Id.*) For the following reasons, this motion is **DENIED WITHOUT PREJUDICE**.

It is well established that "[e]very court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns,* 435 U.S. 589, 598 (1978). A court's discretion to seal records from public inspection, however, is limited by "the presumptive right of the public to inspect and copy judicial documents and files[,]" which the United States Court of Appeals for the Sixth Circuit as described as a "long-established legal tradition." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 473–74 (6th Cir. 1983); *see also Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178–80 (6th Cir. 1983) (discussing the justifications for the "strong presumption in favor of openness"). Therefore, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*,

825 F.3d 299, 305 (6th Cir. 2016) (internal quotation marks and citation omitted).  The Sixth Circuit has indicated that exceptions fall into two categories: (1) exceptions "based on the need to keep order and dignity in the courtroom"; and (2) "content-based exemptions," which "include certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp*., 710 F.2d at 1179 (citations omitted).

In addition, the Sixth Circuit has recently emphasized the public's "strong interest in obtaining the information contained in the Court record." *Shane Grp., Inc.*, 825 F.3d at 305 (internal quotation marks and citation omitted); *see also In re Nat'l Prescription Opiate Litig*., 927 F.3d 919, 939 (6th Cir. 2019) ("'[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access.'") (quoting *Shane Grp., Inc.*, 825 F.3d at 305).  Accordingly, district courts must consider "each pleading [to be] filed under seal or with redactions and to make a specific determination as to the necessity of nondisclosure in each instance" and must "bear in mind that the party seeking to file under seal must provide a 'compelling reason' to do so and demonstrate that the seal is 'narrowly tailored to serve that reason.'" *In re Nat'l Prescription Opiate Litig*., 927 F.3d at 940 (quoting *Shane Grp*., 825 F.3d at 305).  If a district court "permits a pleading to be filed under seal or with redactions, it shall be incumbent upon the court to adequately explain 'why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary.'" *Id*. (quoting *Shane Grp., Inc.*, 825 F.3d at 306).

Hornady states that its motion is based on its belief that the terms of the settlement agreement should be reviewed by the Court *in camera*.  (ECF No. 38, at p. 2, ¶ 4.)  It further asserts that the settling parties "would like the Settlement Agreement to be filed under seal so as to make that document not publicly available on the Court's docket."  (*Id*. at ¶ 5.)  These broad

statements do not provide any detailed analysis as to why the information contained in the settlement agreement should remain outside of the public purview.  Accordingly, the Motion for Leave to File Under Seal (ECF No. 38) is **DENIED WITHOUT PREJUDICE.**  Further, Hornady is **ADVISED** that any renewed motion to seal shall unequivocally establish the compelling justification for the non-disclosure of judicial records and shall be sufficiently specific to permit the Court to determine, *inter alia*, why the seal itself is no broader than necessary.  *See In re Nat'l Prescription Opiate Litig.*, 2019 WL 2529050, at *13–14; *Shane Grp., Inc.*, 825 F.3d at 305–06.

    **IT IS SO ORDERED.**

**DATED:  May 8, 2020**         */s/ Elizabeth A. Preston Deavers*
                                        **ELIZABETH A. PRESTON DEAVERS**
                                        **CHIEF UNITED STATES MAGISTRATE JUDGE**