## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is entered into effective this  20  day of  April , 2020, by and between Hornady Manufacturing Co. and each of its subsidiaries, parents, representatives, assigns, employees, independent contractors, insurers, agents, directors, officers, associates, and attorneys, (hereinafter "HMC"), on the one hand, and Dakota Fischer, individually, and his successors, heirs, executors, personal representatives, attorneys, agents, and assigns  (collectively, hereinafter "Releasee"), on the other hand.  HMC and Dakota Fischer are collectively referred to herein as the "Parties."

WHEREAS, Dakota Fischer, through his counsel initiated an action against HMC, in the Court of Common Pleas of Jackson County, Ohio, captioned *DAKOTA G. FISCHER vs. REMINGTON ARMS COMPANY, LLC aka REMINGTON ARMS, REMINGTON OUTDOOR CO., INC., THE MARLIN FIREARMS CO., HORNADY MANUFACTURING CO., and ABC COMPANIES #1 through #5*, docketed at Case No. 19PI0004 (the "Lawsuit"), which was removed to the United States District Court for the Southern District of Ohio (the "Court") and docketed at Case No. 2:19-cv-01342;

WHEREAS, Dakota Fischer previously voluntarily dismissed allegations made against HMC; and

WHEREAS, HMC has made allegations against Dakota Fischer with respect to his actions relative to the filing of the lawsuit and his claims related thereto.

NOW THEREFORE, based on the recitals above which are expressly incorporated herein, in consideration of the mutual promises and covenants contained herein and other good and valuable considerations, the receipt and sufficiency of which is hereby acknowledged, the Parties warrant, represent, agree, settle, and compromise upon the following terms:

1. Dakota Fischer agrees to pay to HMC, and consents to an entry of judgment (the "Consent Judgment") against him and in favor of HMC, for Thirty-Thousand Dollars and Zero Cents ($30,000.00), the amount and sufficiency of which HMC hereby acknowledges, according to the following schedule of payments set forth in Schedule A, attached hereto. Dakota Fischer will issue each payment addressed to: Hornady Manufacturing Company, and sent via U.S. Certified Mail to: Hornady Manufacturing Company, Attn: Steve Hornady, P.O. Box 1848, Grand Island, NE 68802, unless any other method of payment is agreed upon by HMC and Dakota Fischer.  It is further understood and agreed that the payment and acceptance of the aforementioned sum is for a disputed claim and the payment of said sum is not an admission of responsibility or liability.

1

2.      In exchange for Dakota Fischer's complete and timely payment according to Schedule A of the amount set forth in paragraph 1 and his consent to the entry of judgment as set forth in paragraph 1, HMC agrees to waive all judgment interest it may be entitled to collect.

3.      In the event that Dakota Fischer fails to make any payment set forth in Schedule A more than 10 days beyond the date such payment is due (the "10-Day Default Trigger Date"), the entire balance of the amount owed under paragraph 1 shall become immediately due and payable by Dakota Fischer, and any judgment interest on such balance will immediately begin to accrue.

4.      Any date that payment is due according to Schedule A shall be tolled, along with its associated 10-Day Default Trigger Date, during such period as Dakota Fischer is unable to work because of an executive order of the Governor of Ohio, or other authorized governmental official of the State of Ohio or the federal government, or any other restriction, where such order or restriction is imposed as a result of the COVID-19 pandemic.

5.      Upon Dakota Fischer's failure to make a payment by its 10-Day Default Trigger Date, as set forth in paragraph 3, and subject to the tolling provision of paragraph 4, HMC shall be entitled to pursue all remedies provided by law against Dakota Fischer, individually, to execute the Consent Judgment, collect Dakota Fischer's debt to HMC, and/or invoke the jurisdiction of the Court to enforce this agreement and/or the Consent Judgment against Dakota Fischer. If such remedies are pursued, the laws of the State of Ohio will govern.

6.      Except as otherwise provided in and subject to the terms of this Agreement, HMC, as well as its successors, assigns, agents, and representatives, hereby generally release and forever discharge the Releasee, and their successors, assigns, agents, and representatives, from all demands, claims, and/or causes of action that HMC could bring, now or in the future, for sanctions, costs, attorney's fees, or any other remedy related to or in any way arising from the subject matter of the Lawsuit and the allegations contained therein.

7.      Upon and in exchange for Dakota Fischer's complete payment of the amount set forth in paragraph 1, without default as set forth in paragraph 3, HMC expressly agrees to release and forever discharge Plaintiff Dakota Fischer from all remedies identified in paragraph 5.

8.      There not shall be any defamation of any party.

9.      Consistent with paragraphs 6 and 7 above, this Agreement expresses a full, general and complete settlement of liability claimed and denied and is intended to avoid litigation and is entered into for no other purposes.

2

There is absolutely no agreement on the part of Dakota Fischer to make any payment or to do any act or thing other than as is expressly stated and clearly agreed to herein. HMC acknowledges that this is a settlement and compromise of a disputed claim and the Releasee makes no admission or concessions with respect to the merits of HMC's claims. The payment and the acceptance of the consideration for this Agreement are not to be considered as an admission of liability on the part of the Releasee and cannot be used, in any manner, as the same.

10. HMC represents and warrants that it has not assigned to any third party any claim, right or cause of action that it has, or purports to have, against Dakota Fischer and/or the Releasee, or any of the persons or entities released herein.

11. This Agreement contains the entire understanding between the Parties and supersedes all pre-existing or contemporaneous agreements or understanding, oral or written, respecting the subject matter of this Agreement.

12. This Agreement may be modified, in whole or in part, only by an agreement in writing executed by the Parties.

13. The Parties acknowledge and agree that each of the Parties has participated in the drafting of this Agreement and that the rule of construction to the effect that any ambiguity is to be resolved against the drafting party shall not apply to the interpretation of this Agreement.

14. Each party has sought and received prior independent legal advice from legal counsel of its choice with respect to the advisability of executing this Agreement, and each such party's attorneys have reviewed the Agreement.

15. Each party agrees to perform all further acts to execute and deliver all further documents reasonably necessary to or in furtherance of the intent and purposes of this Agreement without demand for further consideration, including without limitation acts reasonably necessary to file with the Court a stipulation and joint motion for entry of the Consent Judgment.

16. The Parties represent and acknowledge that in executing this Agreement, except as specifically set forth in this Agreement, they do not rely and have not relied upon any representation or statement made by another party or such party's officers, directors, employees, agents, representatives, or attorneys.

17. This Agreement may be executed by facsimile or otherwise, which will be deemed an original.

18. The Parties further state that they have carefully read the foregoing Agreement, know the contents of the foregoing Agreement, and sign the same as their own free act.

_____  _____
Steve Hornady, President          Dakota Fischer
Hornady Manufacturing Co.

5-4-/.20                          4-28-2020
Date                              Date

4