UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DAKOTA FISCHER,**

    **Plaintiff,**

v.

**REMINGTON ARMS COMPANY, LLC,** *et al.*,

    **Defendants.**

Case No. 2:19-cv-1342
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth Preston Deavers

### OPINION & ORDER

The matter before the Court is Defendant Hornady Manufacturing Company's ("Defendant" or "Hornady") Motion for Sanctions against Non-Party Witnesses George Shope and Joshua Gee (ECF No. 40). Mr. Shope has responded (ECF No. 51). For the reasons stated herein, Defendant's Motion (ECF No. 40) is **DEFERRED**.

I.

Plaintiff Dakota Fischer ("Plaintiff") filed this case against Hornady, Remington Arms Company, LLC, Remington Outdoor Company, Inc., and the Marlin Firearms Company. (*See* ECF No. 1.) The case was removed to this Court on April 10, 2019. (*See* ECF No. 1.) On May 15, 2019, Plaintiff and Remington Outdoor Company and the Marlin Firearms Company stipulated to a dismissal of all claims against Remington Outdoor Company and the Marlin Firearms Company. (*See* ECF No. 15.) On February 26, 2020, Plaintiff and Hornady stipulated to a dismissal of all claims against Hornady. (*See* ECF No. 32.) In this stipulated dismissal Hornady noted it intended to file for sanctions against Plaintiff, Mr. Shope, and Mr. Gee. (*See id.*) Finally, on March 11, 2020 Plaintiff and Remington Arms Company, LLC stipulated to a dismissal of all claims against Remington Arms Company, LLC. (*See* ECF No. 34.) With all defendants

dismissed, the case was closed. On May 7, 2020, Hornady filed a motion for sanctions against non-party witnesses Mr. Shope and Mr. Gee. (*See* Mot. Sanctions, ECF No. 40.)

Defendant seeks sanctions against Mr. Shope and Mr. Gee in the form of liability for Hornady's attorney's fees, costs, and expenses incurred in defending the action to which both individuals are to be jointly and several liable. (*See* Mem. Supp. Mot. Sanctions at 28, ECF No. 41.) Defendant alleges Mr. Shope and Mr. Gee lied numerous times before and during the discovery process which cost Defendant thousands of dollars in attorney's fees. (*See id.* at 1–17.) In response Mr. Shope states that he did not mean to lie and instead was trying to tell the truth. (Shope Resp. at 2, ECF No. 51.) Mr. Gee filed no response.

## II.

"A federal court has the inherent power to impose sanctions against a party or non-party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Am. Trust v. Sabino*, No. 99-4214, 2000 U.S. App. LEXIS 25404, at *3 (6th Cir. Sept. 28, 2000) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46-50 (1991)). Persistent lies throughout court proceedings, including lies during interrogatories and depositions, warrant sanctions under the Court's inherent power. *See Ndoye v. Major Performance LLC*, No. 1:15-cv-380, 2017 U.S. Dist. LEXIS 28923, at *19 n.1 (S.D. Ohio Mar. 1, 2017) (citing cases). This Court has previously applied the clear and convincing evidence standard in order to make findings of fact in ruling on a motion for sanctions. *See Ndoye*, 2017 U.S. Dist. LEXIS 28923 at *19 n.1 (assuming without finding that the clear and convincing evidence standard applied); *Holmes v. United States Bank*, No. 1:07-cv-695, 2009 U.S. Dist. LEXIS 49766, at *13 n.4 (S.D. Ohio May 28, 2009) (assuming the same). It is within the discretion of the district court to determine whether an evidentiary hearing would assist the court in its decision of whether to award sanctions. *See Cook*, 134 F.3d 771, 775 (6th Cir. 1998).

2

In this case the Court finds an evidentiary hearing is warranted. There is an issue of fact as to the conduct of Mr. Shope and Mr. Gee and an evidentiary hearing will assist the Court in making the factual findings required to decide the pending motion for sanctions.

### III.

For the reasons stated above, Defendant's Motion for Sanctions (ECF No. 40) is **DEFERRED** until the completion of an evidentiary hearing to determine whether Mr. Shope and/or Mr. Gee engaged in sanctionable conduct. Accordingly, an evidentiary hearing will be scheduled when the courthouse is reopened to the public and the Court is holding in-person hearings.

**IT IS SO ORDERED.**

6-16-2020

**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**